**Jaime VEGA-TINOCO, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

**15-39 NAC**

United States Court of Appeals, Second Circuit.

January 3, 2017

FOR PETITIONER: Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, New York.

FOR RESPONDENT: Benjamin C. Mizer, Acting Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

PRESENT: REENA RAGGI, GERARD E. LYNCH, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jaime Vega-Tinoco, a native and citizen of Mexico, seeks review of a December 9, 2014 decision of the BIA denying his motion to reopen. *In re Jaime Vega–Tinoco*, No. A200 562 724 (B.I.A. Dec. 9, 2014). In conducting our review, we assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). A mov-

---

ant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper and sufficient basis for declining to reopen. *See INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA did not err in finding that Vega-Tinoco failed to demonstrate his *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention Against Torture based on the kidnapping of his sister in Mexico. *See id.* At his merits hearing—after his sister had been kidnapped—Vega-Tinoco testified that no one in Mexico was looking for him, and he proffered no evidence that anyone in Mexico seeks to harm any member of his family other than his sister. Accordingly, the BIA did not err in finding his fear of future persecution and torture speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record ..., [an applicant's] fear is speculative at best"). Because Vega-Tinoco thus failed to demonstrate *prima facie* eligibility for relief, the BIA did not abuse its discretion in denying his motion to reopen. *See Abudu*, 485 U.S. at 104, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).